## FOSTER *v.* ANTISDEL.

PATENTS; INTERFERENCE, THE ISSUE IN; PRIORITY OF INVENTION.

1. Where a junior party to an interference proceeding, upon whom rests the burden of proof to show priority of invention, proves reduction to practice of the subject matter of the invention and the sale of a completed device prior to the date of his rival's application, he makes out a *prima facie* case, and the burden of proof shifts to the senior party, who must overcome such *prima facie* case by at least a clear preponderance of evidence.
2. A party to an interference proceeding can not defeat an award of priority to the opposing party, by showing that a third person, not a party to the proceeding, was the first inventor of the invention in controversy. Such evidence is impertinent to the issue and can not be received or considered.

No. 123. Patent Appeals. Submitted March 17, 1899. Decided May 2, 1899.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

*Mr. Milton E. Robinson* and *Mr. Henry Calver* for the appellant.

*Mr. Edwin H. Risley, Mr. A. S. Pattison* and *Mr. Herbert E. Peck* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is by Foster from a decision of the acting and assistant Commissioner of Patents in favor of Antisdel, in a matter of interference, in relation to an improvement in metallic bedsteads. The interference was declared between the application of Antisdel, filed on January 28, 1897, and the patent No. 578,007, issued to Foster, March 2, 1897, on application filed January 20, 1896. The application of Foster was pending in the Patent Office when the application of Antisdel was filed; and hence, for the purposes of this controversy, Foster's patent, subsequently issued, can only be considered as an application, the patent not affording

Foster any advantages as against Antisdel that he would not have been entitled to if the patent had not been inadvertently issued; and therefore the question of right or priority of invention, as between the parties, must depend upon the weight of the evidence, without regard to the effect of the patent held by Foster.

The issue as framed is as follows:

"The combination of a round post having a headed projection and a bed-frame or rail-fixtures having a grooved face to receive the post, a groove to receive the head projection, and having inclined grooves in its oppositely-disposed parts adapted to receive the head of the projection."

Foster examined no witnesses to show that his alleged invention antedated that of Antisdel. He relies upon his record date of application, and that is, as we have stated, the 20th of January, 1896. This record date imposed the burden of proof upon Antisdel, as the latter did not come into the office with his application until January 28, 1897; but Antisdel produced proof in discharge of the *onus* upon him, and established beyond question that prior to the application of Foster he or his company had sold to one of his witnesses, Mrs. Williams, a bedstead containing the invention of the issue. This bedstead was sold to Mrs. Williams in November, 1895, and the bedstead itself was produced in evidence as Exhibit No. 1. Antisdel having himself sworn in his application that he is the first and original inventor of the device in question, and having proved the reduction to practice of the subject matter of the invention, and produced the completed article itself, and actually sold the same at a time prior to the date of Foster's application, a strong *prima facie* case is made in support of Antisdel's claim, which must prevail until overcome by at least a clear preponderance of proof. But notwithstanding this strong *prima facie* case presented in support of Antisdel's claim, Foster has not attempted to rebut or overcome it, by the production of proof to establish priority of invention by

himself, but he relies upon the evidence given by Lloyd, a witness produced by Antisdel, whose testimony, as contended by Foster, tends to show that Lloyd was the inventor of the improvement or device in issue, and not Antisdel. He insists that Lloyd, the witness, having by his testimony shown that he was the inventor of the device in issue, therefore Antisdel can not be an inventor of the same device or improvement prior to the alleged invention of Foster himself; and hence judgment of priority should be given in his favor. But this result does not by any means follow the fact, even if it be regarded as proved, that the invention, or a material part of it, was made by a third person not a party to the interference proceeding. That proceeding was instituted to determine as between the parties to it, which of them is entitled to priority of the invention claimed. Both can not be entitled; but one may be entitled as against the other, though there may be some third person who might, if the claim of that person were placed in issue as between that person and one or both of the parties to the present interference proceeding, show that he was in fact and reality entitled to priority of the invention in controversy. But evidence that some other party than the parties to the pending interference proceeding is the real inventor of the device in issue is impertinent to the issue, and can not be received or considered by those charged with the duty of determining the issue. Indeed, if the practice obtained of allowing the claims and pretensions of any and all persons, though not parties to the proceeding, to be set up as means of defeating the priority of claim of one of the parties to the proceeding, it would be very difficult, if not almost impossible, in many cases, to try the issue of interference as between the immediate parties to it. Such practice would open the door to all sorts of collusions, and perjury would be the recourse of many who failed to support their claims by legitimate evidence. In this case, Lloyd, the witness, not being a party to the proceeding, can not be bound by

any ruling that may be made in respect to the question of priority. That question as between Antisdel and Lloyd can not be tried on the present issue. It has been settled by decision both in the Patent Office and in the Circuit Court of Appeals of the United States that the question— "whether a third party was the inventor of the device for which a party has received a patent, should not be inquired into either by the court or by the Commissioner of Patents in interference proceedings between the parties to such interference." *Christie* v. *Siebold*, C. D. 1893, 515: S. C., in Circuit Court of Appeals, 64 O. G. 1650.

The decision in a matter of interference only settles the immediate action of the Patent Office, as between the parties to such interference proceeding; and there is no limit to the number of interferences to which a pending application or an unexpired patent may be subject. *Gloucester Isinglass Co.* v. *Brooks*, 19 Fed. Rep. 427; *Kirk* v. *DuBois*, 33 Fed. Rep. 252; and see, also, on this subject, *Pentlarge* v. *Pentlarge*, 19 Fed. Rep. 817; *Lockwood* v. *Cleveland*, 20 Fed. Rep. 164; *Am. Clay Bird Co.* v. *Clay Pigeon Co.*, 31 Fed. Rep. 467.

In the opinion of a majority of the examiners in chief in this case the principle and the practice upon this subject are well stated in these terms:

"Whether Antisdel can have a patent in the face of Lloyd's testimony is a question to be determined in the first instance by the primary examiner when this interference proceeding has been terminated. It is a question between Antisdel, as an applicant, and the Patent Office. It is one to which Foster is not a party. It may be a question to be decided between Antisdel and Lloyd as parties to an interference in which Antisdel's application and one by Lloyd, which we were informed at the hearing is filed in the office, shall be included. Whether the question be *ex parte*, whether Antisdel is an inventor so that he can have patent, or whether it be whether Antisdel or Lloyd is the prior inventor, in either event Foster is not a party to the question.

The proof herein shows that in either event he, Foster, is not the prior inventor. He can not intervene as an inventor in any proceeding in this office on applications of other inventors."

This case has been decided in favor of Antisdel by all three of the tribunals of the Patent Office, and with the exception of one dissenting member of the board of examiners in chief, they have all concurred in holding that Foster has no valid claim to priority of invention as against Antisdel. In that opinion we fully concur, and therefore affirm the decision of the acting and assistant Commissioner from which this appeal was taken. It is accordingly ordered that the proceedings and opinion of this court be certified to the Commissioner of Patents as directed by the statute.

*Affirmed.*